UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jerome L. Grimes, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:17-cv-00525 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 3/22/2017 |
| ) | Description: Pro Se Gen. Civ. (F-DECK) |
| Jaime Castillo *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff sues the California Supreme Court and a Deputy Clerk of that court for alleged mail tampering, which plaintiff claims has violated his constitutional rights of due process and access to the courts. Plaintiff seeks $82,000 in damages and injunctive relief seemingly disconnected from the alleged wrongdoing. Although the complaint allegations are vague, the attachment to the complaint reveals that the defendants returned plaintiff's petition for review unfiled because the California state court has found him to be a vexatious litigant. In order to consider plaintiff's purported claims, this Court would need to review the barring decisions of the California courts.

As a general rule applicable here, a federal district court lacks jurisdiction to review the decisions of other courts. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot

1

exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (noting that "[b]y filing a complaint in this Court against . . . judges who have done nothing more than their duty . . . Fleming has instituted a meritless action") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: March 22, 2017

_____
United States District Judge